All rise. Please call the case. Good morning, Your Honors. My name is Andrew O. Youngquist of the firm of D.O. Pratt & Pratt. I represent Petitioner Appellate. May it please the Court and Counsel. Your Honors, the trial court erred and the county's argument is flawed because both employed a plain meaning analysis to Section 21310 of the Property Tax Code rather than interpreting that section in the context of the article as a whole and by ignoring the relevant case law. Your Honors, the public policy, public purpose behind the tax sale process is twofold. First of all, the purpose is to create a situation where tax deeds are rendered incontestable and that they are free and clear of all liens or previous claims of any kind. The tax sale process is also meant to encourage property taxpayers to pay their taxes while not assisting tax deed petitioners in depriving actual owners of their property. Your Honors, as I said that there's two primary purposes behind the tax sales process, there's also two primary participants in the tax sale process. The first group of participants are tax purchasers and assignees. And Your Honors, as far as that group is concerned, there are three statutes that are relevant to us here today. The first is the statute in question, 21310, which is the sale and error section. We're also impacted by 21350, which sets redemption periods in the tax sale process. In our case, the parcel in question is a single residential dwelling, and in that case the statute sets the redemption period at two and a half years. Your Honor, we're also influenced in this situation by 2285. 2285 requires the holder of a tax certificate to petition, receive, and record that tax deed within a one-year period from the end of the redemption period. So when you take these three statutes together, it sets up a timeline, Your Honors, and in the case of a single family dwelling, the tax delinquent property owner must redeem within two and a half years or up to three years if the property tax buyer has extended the redemption period. That occurred here. That occurred here. We have a proper extension for three years. So when you put those together and add the one-year requirement of 2285, a property tax buyer must petition, receive, and record his property tax deed either within a three and a half year period, in this case, or a four year period from the date of the tax sale. Now, as we move on to the relevant case law, Your Honors, we start with Burroughs. And in Burroughs, the court was asked to decide if a statute of limitations applied to Section 310, or was previously Section 260. The court's analysis was that that statute itself did not contain a statute of limitations provision, and therefore, the generic five-year statute of limitations provision applied. And the Burroughs court also held that that five-year period begins to run at the time of tax sale. Then, Your Honor, we have three cases, which are basically what I call the Johnson line of cases. Johnson... Burroughs, that was seven years versus... Correct. The tax buyer waited seven years. There was some underlying litigation concerning whether or not the parcels involved were property tax exempt. But yes, it waited seven, almost eight years. So it was five years of waiting. Right. And in all these, in the cases I'm going to cite to you next, the situation is basically the same as far as the time period. The tax buyers all missed their 271 deadlines, now 2285. That deadline that says you must receive a petition, receive and record that tax deed within a one-year period from the end of the redemption period. And in these next three cases, the tax buyers all blew that 271 deadline and tried to get in the back door under the five-year statute of limitations of Burroughs. And in each case, starting with Johnson, Johnson, First Central, and Safeway, all said the same thing, Your Honor, that the Burroughs five-year limitation applies. But the tax buyer must meet all the requirements of 271, now 2285. In other words, he's got to petition, receive and record that tax deed. And that occurred here. And that occurred here. And so if you put the case law and the statutes together, Your Honor, we have a synthesis of the two, which creates an outcome where the holder recorded tax deed is eligible to apply for a sale and enter. In the case of a single-family dwelling, as we have here, the redemption period is two and a half years and extended properly to three. 2285 puts a year on the end of that. We have four years. But Burroughs says we have five years. So we have a period of one year here, in this case, where the only person who could possibly be eligible or fall into the Burroughs holding is the holder of the recorded tax deed. And that's the gist of our case, Your Honor. And commercial properties, two years. If the tax buyer doesn't extend, that window is even larger. But when you synthesize the case law and the statutes, it creates that timeline. And at the end of that five-year period, there is a window where the only participant would be the holder of a recorded tax deed. Now, the other side of that coin is the dealing with property owners. And that's the focus that the county has been on. Their position is that the only way to vacate a tax deed is through the provisions of 2245 and then 21401 of the Code of Civil Procedure. The 2245 references the only instances in which a tax deed may be vacated. And I think it's important to notice the use of the word vacate, too, as compared to what happens in a sale on air, where we go all the way back to the beginning of the process and say the underlying sale was null and void. But what the county and what presumably the court did is look at the four very specific provisions of 2245 and say that Mr. Wren did not fall into any of those four provisions. And we're saying those four provisions don't apply to tax buyers. Those are remedies that are available to tax-delinquent property owners. And if you look at those specific provisions, they themselves speak to the fact that their focus is on the delinquent property tax owner, not the tax buyer. We'd also note that the county has not cited any case law for its reading of 2245, and there's dozens and dozens and dozens of cases on 2245. And most of those cases are about strict compliance, Your Honor, as this court knows strict compliance is required in property tax sale process. The court does not wish tax buyers to be able to take property without all the statutory notices and the requirements being strictly complied with. And yet there's no case cited by the county that says 2245 applies to tax buyers. We'd also like to point out a very practical basis for our position, for the appellant's position. The county has argued that the tax buyer could inspect these properties before petitioning and receiving a tax deed. That simply isn't the case in every situation, Your Honor. In many instances, the delinquent property tax owner is absent or unavailable, and simply owning a tax certificate does not give the holder any right to enter onto private property. He would have to get permission of the property owner to do so. That property owner may not be available or may not grant that permission. And certainly as far as substantial destruction, if that is taking place on the interior of an improvement on a parcel, no way a tax holder could know that until he received his tax deed, recorded his tax deed, and went into the property and inspected it. The court below suggested that there was some duty on the part of the tax buyer to make these inspections. We believe the case law does not support that. It's not an issue before the court. But the practical standpoint is, tax buyers buy dozens of parcels in multiple jurisdictions on many occasions. And first of all, it's impractical to have to inspect prior to receiving a tax deed. But also, in many instances, it would simply not be legally possible for the tax buyer to make such an inspection. I'm sorry? Yes, sir. Yes. He's a tax certificate owner. He has no rights to enter upon the property. Now, if the property owner was available and agreed to allow an inspection of some kind, then that would be possible. But that's not the case in every instance. There's certainly no statutory right to inspect. I'm sorry? No. Yes, sir? Five years. And that five years starts running at the date of sale, the date of tax sale. And that's found in boroughs, Your Honor. And finally, I'd like to say, the county below has made some argument that if the court found that the appellant would be eligible to apply for a sale on air, that somehow that amounts to a win-win situation for the appellant. And that's a misunderstanding simply of the tax buying process, Your Honor. This appeal is simply asking for the right to apply for the petition. We still would have to prove up one of the bases for sale on air. In this case, it's substantial destruction. And not only do you have to prove up substantial destruction, you have to prove up that it occurred within a specific window of time. In other words, from the date of the tax sale to the time that the tax deed is issued. And there's case law on that, too, Your Honor. But I would... That sets the destruction period. That does. Again, the tax buyer to receive relief under that provision has to prove to the court that there has been substantial destruction, whatever that means, and that it has occurred within a very specific window. From the date of tax sale to the date of deed issuance. So you're really requesting the right to have a hearing. Right. We're requesting to reverse the demand for a hearing on our application for sale on air. Thank you, Your Honor. Counsel. Warren County doesn't want to give them a hearing. That is correct, Your Honor. Let me start by introducing myself and by saying good morning to you, counsel. My name is Bijan Partizan. I'm the Assistant State's Attorney with Warren County. And I do represent the county in this matter. And we're asking... Yes, we are asking for this court to affirm the trial court's ruling, which dismisses the petitioner appellant's case. So we would ask that you deny him that hearing. And we ask that because he is simply not eligible for it by the plain and unambiguous language of the statute. He filed a motion for sale on air pursuant to Section 310, subsection B2. And that section clearly reads, when upon application of the owner of the certificate of purchase only, and then it goes on to say it appears to satisfaction of the court, the property, and in this case he's claiming that there's substantial destruction, then the court can issue the sale on air. So you want to stick with the property? That's correct, Your Honor. I want him to keep the property that he properly recorded the deed for, that he went through the process of purchasing the taxes for, noticing off the prior property owners. He extended the period properly. And then he petitioned for and received his tax deed and then recorded his tax deed. Petitioner wants to point out that the public policy here is that they want certainty in who owns title to these properties. It's very certain. Charles Ryan owns these properties. He has recorded his tax deed for these properties. So, plain language of the statute, certificate, owner of the certificate of purchase only. The petitioner has already conceded, and as he must for the statute, in order to apply for and get the deed, you have to relinquish your certificates of purchase. Having done so, he no longer falls within the ambit of Section 310, because that is clearly for the owner of the certificate of purchase only. And it is elementary statutory construction that when we're trying to interpret the intent of the legislature, you first look to the language of the statute. And it is only if it is ambiguous do we then go to other sources and try to define whatever the intent could be through some other means. This could not be any more clear. Section 2245 for the how to vacate a tax deed could not be more clear. The petitioner attempts to create this sort of dual scheme in which there are two sets of participants involved, and they each have their own remedies. The statute is pretty clear what it's doing. It's telling you what the process is. It's telling you this is how you get a tax deed. This is how you can apply for a sale on air. This is how you can vacate the tax deed. The participants are whoever falls within the language as defined clearly by those statutes. And as it just so happens, the petitioner does not fall within the meaning of Section 310, the very section that he cited to in his motion to petition for sale on air. That being said, I'd like to move to the case law that Petitioner cites here. And so we'll start with Burroughs. Petitioner is correct. Burroughs said that a petition for sale on air, it's not an action in equity because it's a statutory remedy, and the remedy would be a refund of the money. It is an action at law, and without that statute specifying the statute of limitations, then that catch-all five years applies. That's fine. Then we move on to this, what the petitioner calls the Johnson cases, and he even creates what he refers to as his Johnson rule. So Johnson then applied the Section 271, which is now 2285, along with the five-year statute of limitations that Burroughs had. So what Burroughs said is, yes, you have five years from the point of sale to file for a sale and air. What Johnson says is, hang on a second. If you don't apply for, within a year after the redemption period, a tax deed, these certificates become null and void. So you can't have a sale and air if the certificates are null and void. That's all that's really happening here. Like, yeah, you have that five years, but if you sleep on your rights and you don't get that tax deed during that time or apply for the sale and air before the time that you can get the tax deed, you're out of luck because those certificates are no longer valid. So that's all that's really happening there. And then we go to the other cases, First Central and Safeway. So First Central, same thing. We had the petitioner. He purchased the tax certificates, slept on his rights a little too long, tried to use that five-year period to say I have five years no matter what, and the court slaps him down and says, no you don't because these certificates are null and void. You never went to the trouble of trying to get the tax deed. But once you have the tax deed, these cases never touch the point of, if these petitioners would actually get that tax deed, what happens? Well, what happens is, in order to get the tax deed that they want, they would have had to relinquish those certificates. And once they relinquish those certificates, they are no longer the owner of the certificate, so they no longer fall within Section 310. And then we have Safeway. Safeway says from the outset, in almost the first one or two paragraphs, it mentions that the petitioner had one year from the expiration of the redemption period until November 1, 1995 to take out and report tax deeds on the parcels, thereby obtaining title. Alternatively, the petitioner could file a petition to vacate the tax sale and have the courts declare a sale in error. All of these cases, it's an either-or proposition. Either you get the tax deed or you get the sale in error. You can't have both. None of these cases touches because they don't deal with any petitioner who has gone to the actual trouble of getting a tax deed and then recording that tax deed and then saying, hang on, now that I have title, free and clear, to this property, actually I want my money back. It doesn't work like that. The plain language of the statute doesn't allow for that. I think definitely they found something out about the property. And that's the risk that he takes in going through this process. As counsel even said, you know, the issue of inspecting the property, and that isn't really an issue here. But, I mean, no one forces you to participate in the tax sale and purchase process. That's a business decision. You are willingly entering into that market. From the county's perspective, these statutes are very clear in how they describe the rules of the game. So if you want to enter the game, these are the rules. You can't craft new rules because you played the game and lost. How about the overarching policy of attempting to, you know, encourage people to buy taxes? I mean, that is an overarching policy of all the statutory framework. It certainly is, Your Honor. I'm sorry. They're being helpful to the county in buying these, aren't they? They are indeed, and to that I would say they do have a certain amount of time. That they can, if they so choose, they can find these defects. I believe Burroughs… How can they find these defects in this situation when they don't have anything except the potential of you prosecuting them for trespass until they get a tax deed? Well, I would, again, have to just go back to the language of the statute. That's really, I mean, that's the way it's… I do, I have to admit, it doesn't sound like the cleanest way to go about it or the fairest way to go about it, but just because something's unfair doesn't mean it's unclear. And in this situation, I think the statute is very clear about how you can get a sale in error. And it just doesn't apply. Burroughs, in that case, even states, at the time of the sale, the buyer is charged with the knowledge of the circumstances which might lead to a sale in error. That's page 469, going by the ELAB third recorder. So even Burroughs says it's charging the buyer with that knowledge at the time that they buy it. So… At the time they buy it. At the time… The buyer's charged with the knowledge of… Well, I'm sorry, I may have been reading it too far there, or reading into it too far, but charged with knowledge of the circumstances which might lead to a sale in error. So if they're going to file for the sale in error, they have to… At some point, they're charged with that knowledge. Well, there seems to be a time frame that if they go to hearing, they have to establish that this substantial destruction occurred after taxes were purchased. And Burroughs charges them with knowing that, basically. At the time of sale. I don't know if it's at the time of sale. I may have… Oh, okay. I got ahead of myself a little bit there. The destruction has to be in that pocket. Correct. Yes. But there is time there between when the petitioner purchases the tax certificates and before he applies for the tax deed. Again, that's not the sort of issue here, as the county sees it, is whether he can make a motion for a sale in error. And it's the county's position he can't, based on the language of the legislature, which is not at all unclear. Repeat that part of the language for me, will you? From the statute? Where is it? So the petitioner filed for the statute for a motion in error and cited Section 21-310, subsection B-2. So subsection B says, when upon application of the owner of the certificate of purchase only. That's really the crux of it here. It says the owner of the certificate of purchase only can make that application. He does not own the certificate because he had to turn in the certificate in order to get his tax deed. So therefore, Section 310 does not apply. I'll go back and just touch the Johnson cases really quickly. Again, the Safeway case, it said alternatively, one way or the other. And Safeway, which the petitioner cites in his brief,  if anything, Safeway was really more of a tolling case. This is an attorney who just failed to properly secure a court date in order to get the tax deed. Again, trying to get the tax deed. The tax deed, he couldn't get it, so he tries to get the sale in error in a different way. Thank you.  There's a section in Johnson. I believe it would be page 166 if you're doing the ILL-APP third recorder. The history of the act does not suggest, and this is quoting the Wolf case, and I might be paraphrasing here. The history of the act does not suggest the legislature envisions courts invalidating a tax sale as an error, lest the reason for doing so is enumerated in Section 260, which is now 310. Unlikely the legislature would have reasons for invalidating a sale if it contemplated the court's view of the list contained in 260 as merely illustrated. And then it goes on to say, in the absence of exceptional circumstances, common law expansion of the law of sale and error is not appropriate. This is precisely what the petitioner is doing. He has, in fact, named his Johnson rule after the very case that says, do not make common law rules about this area of the law. So with that, for all those reasons, the county respectfully requests that this court affirm the child court ruling in dismissing the petitioner's motion for sale and error. So if there are no further questions, I thank you for your time. Thank you, Counselor. Counselor. Thank you, Your Honor. Very quickly, I'd like to point out four points. First of all, the first point the county made was a reference out of Johnson that said, referred to the fact that, I think the quote is, the history of the act suggests the legislature does not envision courts invalidating a tax sale and error unless the reason for doing so is enumerated in Section 260. We're not asking the court to include a new basis for doing so. We're relying on substantial destruction. So that quote is inapplicable to the situation. As far as it would seem that the county basically wants to eliminate the sales and error provision. You buy the taxes, you're stuck with it. No, that's not what they're saying. They're saying you buy the taxes and you get the deed, you're stuck with it. Well, again, we would go back to our original argument that there are very practical reasons why that is impractical, and we'd also argue that the synthesis of the statutes in the case law provides for that window. As a practical matter, how would the property be re-transferred to the county? After a sale and error, Your Honor? After he records the deed. Well, if he would record the deed in this instance and then apply and receive a sale and error, the ownership of the property resorts to the county under the control of the county tax trustee. And how does that happen? Automatically. Is there a statute on that? Yes, but I can't quote the statute to you. So there's not actually a deed transfer? No, no. The clerk makes an entry in the sale and error book. She has a specific book that she records the tax deeds in. If there is a sale and error, she makes an entry in that book that shows it's a sale and error. The property then, again, reverts to the county, but it's managed by the trustee. That in itself is a mismatch of things. But for someone doing a title search, for example, unless there's some document filed. It's in the clerk's entry book. Okay. Are you talking about this exact situation? I'm sorry? Are you talking about this exact situation or are you talking about a whole? I'm talking about in any situation. If leaving aside whether a holdover recorded tax deed can do this issue, as it now stands, if a petitioner applies and receives sale and error by the circuit court, again, the clerk of the county makes an entry in her sale and error or tax deed book that shows that. I believe as far as the title exam, the title exam searcher would just have to make sure that they're getting all the sources. I'm sorry? That they would see there would be an entry somewhere that would show that the recorded tax deed is not, that there are other. A title exam searcher could find other entries that would indicate there has been something that has happened to that tax deed. There's no other example like this, though, is there? All the other cases that deal with sale and error deal with. They're correct. Before the tax. Right. It's tax certificate holders. That is absolutely correct. They're all tax certificate holders. That is correct. So you're the first one like this. I'm the first one that's coming into court. I'm the first one who's had a circuit court deny that application and appeal it. Are you? But you're the first one that you, you're not aware of any case law, any other provisions, which talks about a person who actually has a tax deed. No, sir. No, sir. I know, I know that that has occurred at the county level, but I haven't briefed her. It's out of record, so. But, no, there is no, I could not locate a case that involved a tax, recorded tax deed subsequently petitioning for sale and error. That is correct. This would be a case of first impression. And we believe the synthesis of the statute and the case law creates this structure. Whereas in that last period of time, be it six months or a year, depending on the extension, the only person, possible party that could fall into that period would be the recorder, holder of a recorded tax deed. Counselor, you have one minute. Thank you, Your Honor. Any questions? Thank you. Thank you very much. The court will take this matter under advisement. We thank both of you for your arguments today, and we'll take a break for panel change. All rise.